## No. 196
## LEVINE v. FELDMAN

Ohio Court of Appeals, Cuyahoga County
No. 4596, Jan. 15, 1923
This opinion has not been published except in Abstract.

**REAL ESTATE—(1) Knowledge of restriction sufficient notice—(2) Covenant runs with land despite knowledge of owner—(3) Right to sue may pass by conveyance—(4) Silence or failure to sue not laches.**

LEVINE, J.:

### Epitomized Opinion

Appeal from Cuyahoga Common Pleas

One Garber subdivided certain property into 17 lots, 14 of which, including lots one and two, were so restricted by provisions in the deeds that they could not be used for business purposes, the covenant of restriction running with the land. Feldman purchased lots one and two, erecting on lot one building which her husband used as a garage and for storing stock used by him in the plumbing business. Feldman's husband also used lot two for storing such stock. Feldman later began construction of a building on lot two which she represented was to be used as a garage, but Feldman's husband used said building for business purposes, moving into it a large pipe-cutting machine. Still later Feldman began the erection of a shop on lot two. Levine seeks an injunction restraining the use of said property to restrictions. Feldman claims that since her deed to said lots contained no notice of said restrictions, she is not bound by them, and further that Levine was guilty of laches. Held by Court of Appeals in granting the injunction:

1. Although restrictions on real propery do not appear in the deed, knowledge of a general plan for the improvement of said property is sufficient notice of the restriction. The notice need not be express or actual but may be implied.

2. Where the covenant runs with the land it binds the owner of the land whether such owner had knowledge of it or not.

3. The right to sue upon a covenant relating to land may pass to a subsequent owner of the land claiming under the covenantee, by reason merely of the conveyance of the land.

4. Mere silence or inaction of complaintant seeking to enforce a restrictive covenant is not in itself laches in the absence of fraudulent intent. Failure to bring action while the owner makes expenditures in good faith would be laches.

Attorneys—Mooney, Hahn, Loeser & Keough, for Levine; L. M. Rich, for Feldman.

## POLICE WORK

(Continued from Page 231)

various times from 1849 to 1917, permit them to remain open from six o'clock a. m. until one o'clock a. m. each and every day except Sabbath day. I have called your attention to the poolroom as the greatest school for criminals, therefore if I am correct why permit our young boys to remain away from parental care until one o'clock in the morning?

The wisdom displayed by the learned judges of this country when granting liquor licenses as far back as twenty and more years, to order that the rural barroom should close at 9:30 p. m., 10:30 p. m. and 11:45 p. m. each and every day except the Sabbath day, when they were to remain closed all of the twenty-four hours and more. This law should be amended somewhat along the lines as laid down by our judges as to location, etc., if we are to expect better boys in the future.

In closing, it is my desire to talk with you on another subject pertaining to police methods in solving a crime; that is the much-maligned "Third Degree," bu in some instances just plain "Assault and Battery" committed by the very ones who are sworn not only to prevent assaults, but to punish persons guilty of this offense.

A confession wrung from a suspect by threat or violence is of no value in the trial of a defendant without other corroborative and positive evidence. A confession properly secured from a defendant is valuable only when it corroborates the testimony of the Commonwealth witnesses. Therefore, the department over which I have charge relegated the torture method back to where it belongs, "the remote past," in police work. Many defendants having no defense to the indictment charging them with a crime, find, however, much value in stating that they were abused by the officers for the purpose of securing the sympathy of the jury trying their case.

I remember distinctly a defendant brought before our court upon two charge of highway robbery. The jury had been selected when we discovered that our officers who made the arrest had no knowledge of the case being listed, were absent, and I had but one witness for the Commonwealtth, that being the victim of the robbery, a young girl.

I was placed upon the stand to recite that which I knew of the crime, but did not get along very far in my testimony, it being knowledge imparted by others. The victim was placed upon the stand, was an excellent witness as to identification, etc. We also had found part of the stolen property in the defendant's possession when arrested which was identified. However, the defendant's counsel placed the defendant on the stand, proceeded to ask as to whether he, the defendant, had been abused by the officers. He answered he was and proceeded to

explain in a loud voice all that had been done to him in the way of securing a confession; when in fact he made no confession and none was needed because of the saying "we found the goods on him." The jury brought in a verdict of "not guilty." The second charge of highway robbery, needless to say, passed over until another date, at which time, he, the defendant, was found guilty and sentenced to two years in the penitentiary. When I asked the defendant's attorney why he permitted his client to perjure hmiself in the first trial his answer was, I had nothing in the way of defense so I had to get the jury somehow.

I will now close with one sincere request, that the subject of my talk this afternoon be given serious consideration for the future of our young boys and girls.

# The Ohio Law Abstract

Furnishes

## A KEY to the WORK of the COURTS

It Publishes

PROMPT, RELIABLE and COMPACT

## ADVANCE OPINIONS

of

## All Reported Current Cases

It Provides

## A HANDY DESK COMPANION

We Offer it as

## AN ENCYCLOPEDIC LIBRARY

of

## Legal and General Information

Not Assembled in any other Publication Compiled, Arranged and Printed so as to Allow Ready Access to its Contents

PUBLISHED BY

THE ABSTRACT CO., Cleveland